**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ANY AND ALL VIRTUAL CURRENCY, | ) | No. 2:23-cv-02583-SHL-atc |
| FUNDS, MONIES, AND OTHER THINGS | ) | |
| OF VALUE STORED IN OR ACCESSIBLE | ) | |
| AT BINANCE ASSOCIATED WITH USER | ) | |
| ID 165978850, | ) | |
|     Defendant. | ) | |

## ORDER GRANTING MOTION TO ENTER DEFAULT JUDGMENT

Before the Court is the Government's Motion to Clerk to Enter Default Judgment, filed on April 9, 2024.  (ECF No. 21.)  The Government asks the Court to enter default judgment against the Defendant Any and All Virtual Currency, Funds, Monies, and Other Things of Value Stored in or Accessible at Binance Associated with User ID 165978850.  (ECF No. 21-1 at PageID 64.)  For the following reasons, the motion is **GRANTED**.

## BACKGROUND

The Government filed its Complaint for Forfeiture in Rem on September 15, 2023, alleging that funds associated with Binance user ID 165978850 ("BIN 8850") were derived from the proceeds of wire fraud and wire fraud conspiracy in violation of 18 U.S.C. §§ 1343, 1349 and were involved in money laundering in violation of 18 U.S.C. § 1956.  (ECF No. 1 at PageID 1–2.)  The Government alleges that funds in BIN 8550 are subject to forfeiture under 18 U.S.C. § 981(a)(1)(A), (C).  (Id. at PageID 1.)

This case involves a series of unfortunate events concerning pop-up links, supposed computer security updates, and pressured demands to compensate an individual on the phone

through Bitcoin ("BTC").  M.G., a resident of Memphis, TN, allegedly clicked a link in an email that popped up with a Microsoft security alert stating that her computer had been infected with a virus.  (Id. at PageID 3.)  The pop-up instructed M.G. to call technical support; that phone call led to her paying $154.90 for a security update to someone M.G. mistakenly assumed worked at Microsoft.  (Id.)

M.G. later received a call notifying her that she was overcharged for the Microsoft security update.  (Id.)  But, when supposedly processing that refund, the caller claimed that $15,000 had been accidently deposited into M.G.'s account instead of $150, and that the $15,000 needed to be returned immediately in the form of BTC.  (Id.)  When M.G. expressed hesitation, the caller aggressively threatened to reveal M.G.'s personal information on the dark web if M.G. did not comply with the BTC transfer demand.  (Id. at PageID 3–4.)  M.G. then withdrew $14,000 from her Memphis Credit Union account and deposited the proceeds in a BTC ATM. (Id. at PageID 4.)  The $14,000, which had a value of 0.43934 BTC at the time, was then transferred into an account with the following identifier: bc1q46eepq3a542vwnmak4hcgj4lhftm9k6398gdkh ("gdkh").  (Id. at PageID 4, 7.)

The next day, 0.6328 BTC was transferred from gdkh to account bc1qp9pnc9rn 0jt55c82m68qemx78tpyjz0w9exxpy ("xxpy").  (Id. at PageID 7.)  Hours later, 0.42 BTC was transferred from xxpy to account 13B9cBTZNMg1S5pFgRfreq4NSJX27uYTwP ("YTwP"): the subject account associated with BIN 8850, the email address sunsuc2204@outlook.com, and held in the name of Suneet Gautam; three days after that, 0.2038 BTC was moved from xxpy to YTwP as well.  (Id. at Page ID 2, 7.)

BIN 8850 was allegedly opened on May 21, 2021, by Suneet Gautam.  (Id. at PageID 6.) Logins connected with this account were geolocated to Dehli, India; Kashipur, India; and Noida,

India.  (Id.)  After receiving a freeze request from the Government, Binance froze BIN 8850 on March 24, 2023; the account contained a value of 0.699 BTC at that time.  (Id. at PageID 7.)

On April 1, 2024, the Clerk entered default against BIN 8850 under Federal Rule of Civil Procedure 55(a).  (ECF No. 20.)  The Government now seeks default judgment.  (ECF No. 21.)

## LEGAL STANDARD

Entry of default judgment is a two-step process under the Federal Rules of Civil Procedure.  First, "when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Fed. R. Civ. P. 55(a).  Second, the clerk may enter default judgment against a defendant only when they seek a "sum that can be made certain by computation" and the defendant is neither a minor nor incompetent.  Fed. R. Civ. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  Fed. R. Civ. P. 55(b)(2).  The Government properly sought entry of default.  (See ECF No. 19.)  It now seeks entry of default judgment under Rule 55(b)(1) (ECF No. 21), but, out of an abundance of caution, the Court will conduct its own review under Rule 55(b)(2) instead.

The Court is required to "exercise sound judicial discretion" in determining whether an application for default judgment under Rule 55(b)(2) should be granted.  10A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 2685 (4th ed. 2022).  In fact, "even if a defendant defaults, a court may still deny a default judgment if the plaintiff has failed to state a claim on which relief can be granted."  Escalante v. Lidge, 34 F.4th 486, 493 (5th Cir. 2022).

However, "[u]pon default, the well-plead allegations of the complaint relating to liability are taken as true, but those relating to the amount of damages suffered ordinarily are not."  Wehrs v. Wells, 688 F.3d 886, 892 (7th Cir. 2012).  Damages must therefore be proved unless

3

they are "liquidated or capable of calculation." Id. (internal quotation marks omitted). Damages are liquidated "when the amount thereof has been ascertained and agreed upon by the parties or fixed by operation of law." KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 20 (1st Cir. 2003).

A court is not required to hold a hearing on a motion for default judgment, but may do so when one is necessary to conduct an accounting, determine the amount of damages, establish the truth of any allegation by evidence, or investigate any other matter. A.P. Moller-Maersk A/S v. Safewater Lines (I) Pvt., Ltd., 784 F. App'x 221, 229 n.6 (5th Cir. 2019).

## ANALYSIS

The allegations in the complaint are now accepted as true as a result of the Clerk's entry of default, and the necessary facts have been established to support the forfeiture of funds that were derived from wire fraud and money laundering under 18 U.S.C. § 981(a)(1)(A), (C). Thus, the Government is entitled to an entry of default judgment.

Importantly, the Government demonstrated proper notice under the requirements of Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Rule G"). Rule G4(a) is satisfied because the Government posted notice at www.forfeiture.gov for thirty consecutive days. (ECF No. 19-1 at PageID 49–50.) The Government also gave direct notice to the two known claimants, Suneet Gautam and Mary Geneva, pursuant to Rule G(a)(iv)(C). (Id. at PageID 49.)

The Government attempted to notify Gautam via FedEx mail, but received telephone calls from FedEx on October 10, 16, and 17 that the address for Gautam was undeliverable. (Id.) Gautam was then notified by email at sunsuc2204@outlook.com—the same email address associated with BIN 8850; the Government received no response. (Id.) This notice, in tandem

4

with the public posting at www.forfeiture.gov, was reasonable and should have put Gautam on notice of the forfeiture action.  See Mesa Valderrama v. United States, 417 F.3d 1189, 1197 (11th Cir. 2005) ("Reasonable notice . . . requires only that the government attempt to provide actual notice; it does not require that the government demonstrate that it was successful in providing actual notice.")

Geneva, who was identified as MG in the Government's complaint, filed a pro se claim to the property on October 25 (ECF No. 12), and filed a pro se answer for the property on November 2 (ECF No. 13).  However, Geneva withdrew her claim on March 21, 2024.  (ECF No. 17.)  She plans "to pursue any interest [she] may have in the funds through a petition for remission."  (Id. at PageID 46.)  The withdrawal was granted four days later.  (ECF No. 18.)  Therefore, there is no current claimant to the defendant property.

Because proper notice was given to the public and to the two known potential claimants, no claim is currently pending before the Court, and the time to file a claim under Rule G has since expired, the Court **FINDS** that the Government is entitled to forfeiture of the defendant funds.

## **CONCLUSION**

The Government's motion for entry of default judgment as to Defendant in rem Any and All Virtual Currency, Funds, Monies, and Other Things of Value Stored in or Accessible at Binance Associated with User ID 165978850 is **GRANTED**.  The funds shall be disposed of in accordance with the law.

**IT IS SO ORDERED,** this 2nd day of May, 2024.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

5